ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| LYDIA ESTRADA DELGADO<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br><br>Peticionarios | TA2025CE00477 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Casos Núm.: SJ2022CV00834<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparecen el Municipio de San Juan (Municipio) y su aseguradora, Óptima Seguros (Óptima) (en conjunto, parte peticionaria) y nos solicitan que revisemos una *Resolución Interlocutoria* emitida el 4 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[2] Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Moción en Solicitud de Desestimación Bajo la Regla 10.2(5) de Procedimiento Civil* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] El recurso de epígrafe fue asignado a este panel por virtud de los dispuesto en la *Orden Administrativa OAJP-2021-086*, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre *Normas para al Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, todo recurso que surja de un caso ante el Tribunal de Primera Instancia el cual, a su vez, haya generado un recurso de revisión apelativa anterior que se haya asignado en o luego del 10 de enero de 2022, "será asignado al panel al cual se asignó el recurso anterior. Ello, independiente de si el recurso anterior estuviera resuelto o pendiente cuando se recibió o asignó el recurso ulterior.

[2] Entrada 188 del caso SJ2022CV00834 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 5 de agosto de 2025.

I.

Este caso se originó el 8 de febrero de 2022, cuando la Sra. Lydia Estrada Delgado (señora Estrada Delgado o recurrida) presentó una *Demanda* sobre daños y perjuicios en contra de los demandados de epígrafe.[3] En esencia, alegó que el 10 de febrero de 2021, aproximadamente a las 8:00pm se encontraba caminando por la acera de la Avenida Ashford en el área de Condado en San Juan cuando tropezó con una pieza metálica, tipo *stand* y cayó al suelo. Sostuvo que dicha pieza de metal obstruía el paso de peatones, lo que constituyó una condición de peligrosidad y provocó su caída. Además, arguyó que, producto de la caída sufrió una fractura en su mano derecha, lesiones en su espalda y rodillas, por lo que tuvo que recibir tratamiento médico. Por todo lo anterior, solicitó la imposición de responsabilidad extracontractual y el resarcimiento de los daños reclamados.

En respuesta, el 1 de agosto de 2022, el Municipio y Óptima presentaron su *Contestación a Demanda* y sus defensas afirmativas.[4] Entre otras alegaciones, manifestaron que su relación era contractual, por lo que su responsabilidad no excedía de lo dispuesto en la póliza. A su vez, señalaron que la *Demanda* dejaba de exponer una reclamación que justificara la concesión de un remedio. Posteriormente, el 25 de octubre de 2022, el Municipio y Óptima presentaron una *Demanda Contra Tercero* a los fines de incluir al Departamento de Recursos Naturales y Ambientales (DRNA) y al Sr. Antonio Villagrasa (señor Villagrasa), operador y administrador del estacionamiento de Plaza de la Libertad en Condado.[5] Allí, esbozaron que la pieza metálica con la que tropezó la señora Estrada Delgado no era parte de la acera pública, no era propiedad del Municipio y tampoco fue instalada este. Indicaron que, la pieza metálica estaba amarrada con una cadena al estacionamiento

---

[3] *Íd.*, Entrada 1 de SUMAC.
[4] *Íd.*, Entrada 27 de SUMAC.
[5] *Íd.*, Entrada 35 de SUMAC.

de la Plaza de la Libertad el cual era operado por el señor Villagrasa. Por ello, razonaron que este último era responsable del mantenimiento, operación y control de dicho estacionamiento. Finalmente, esgrimieron que, el DRNA era la agencia responsable del mantenimiento, operación, custodia y control del estacionamiento de Plaza de la Libertad, toda vez que el estacionamiento estaba ubicado bajo la jurisdicción y control de este.

Así las cosas, el 5 de mayo de 2023, el Municipio y Óptima presentaron su *Demanda Contra Tercero Enmendada*.[6] En esta, reiteró las alegaciones de la *Demanda Contra Tercero*. Luego, el 24 de octubre de 2023, la recurrida presentó su *Demanda Enmendada* con el propósito de incluir a la Terraza del Condado y al señor Villagrasa.[7] Específicamente, detalló lo siguiente:

[…]

15. El incidente antes relatado se debió única y exclusivamente a la negligencia de las partes codemandadas, MUNICIPIO DE SAN JUAN, LA TERRAZA DEL CONDADO, INC. y ANTONIO VILLAGRAS[A], por la omisión y negligencia, falta de cuidado y/o falta de la toma de medidas de seguridad y/o mantenimiento y/o falta de prevención de condiciones de peligrosidad por parte de sus dueños, administradores, arrendatarios, funcionarios, y/o empleados, quienes tenían control de la acera donde ocurrió la caída de la Demandante, y/o tenían el deber de cumplir con su responsabilidad de proteger a los ciudadanos que caminan por las aceras municipales de incidentes que son previsibles como en este caso.

16. La pieza de metal o "stand" es propiedad de los demandados, o ha sido permitida por estos, y permanentemente obstruye el paso de los peatones por la acera. Dicho "stand" resultó en una condición de peligrosidad que provocó la caída de la reclamante. El Municipio de San Juan es la entidad gubernamental a cargo de la custodia, cuidado y mantenimiento de la acera donde ocurrió el accidente. El "stand" además estaba ubicado parte en la acera frente al estacionamiento ubicado en la Plaza de la Libertad, el cual está bajo la custodia, cuidado y mantenimiento de MUNICIPIO DE SAN JUAN, LA TERRAZA DEL CONDADO, INC. y/o ANTONIO VILLAGRAS[A].

[…]

---

[6] *Íd.*, Entrada 71 de SUMAC.
[7] *Íd.*, Entrada 108 de SUMAC.

En la misma fecha, el TPI emitió una *Orden* en la cual incluyó a Terraza del Condado y al señor Villagrasa como demandados.[8] Por su parte, el Municipio y Óptima presentaron su *Contestación a Demanda Enmendada*[9]. En esencia, negaron la mayoría de las alegaciones. Además, afirmaron que el área donde ocurrió el accidente no era propiedad ni estaba bajo su jurisdicción. Particularmente, añadieron que la pieza metálica no era parte de la acera pública ni propiedad del Municipio, sino una pieza amarrada con una cadena al estacionamiento que operaba el señor Villagrasa y la Terraza del Condado.

Tras varias incidencias procesales, el 28 de mayo de 2025, el Municipio y Óptima presentaron su *Moción en Solicitud de Desestimación Bajo la Regla 10.2(5) de Procedimiento Civil.*[10] En apoyo a su moción, incluyeron fragmentos de deposiciones, fotografias del área del accidente, el contrato de arrendamiento entre el Departamento de Recreación y Deportes y la Terraza del Condado. En esencia, arguyeron que los daños sufridos por la recurrida ocurrieron en los predios de una facilidad arrendada por la Terraza del Condado al Departamento de Recreación y Deportes, por lo que no que no existía un deber jurídico de actuar de su parte. En específico, señalaron que, mediante dicho contrato la Terraza del Condado tenía la responsabilidad del uso, control y mantenimiento de las áreas comunes utilizadas por los clientes para tener acceso a la concesión. Asimismo, la Terraza del Condado podía instalar los mobiliarios y equipos necesarios para la operación de la concesión. Por tanto, solicitaron la desestimación de la *Demanda* con perjuicio.

En desacuerdo, el 5 de julio de 2025, la señora Estrada Delgado presentó su *Oposición a Moción de Desestimación presentada por el Municipio de San Juan y Óptima.*[11] Allí, adujo que la moción de

---

[8] *Íd.*, Entrada 109 de SUMAC.
[9] *Íd.*, Entrada 110 de SUMAC.
[10] *Íd.*, Entrada 181 de SUMAC.
[11] *Íd.*, Entrada 183 de SUMAC.

desestimación contenía los mismos argumentos que fueron presentados en una solicitud de desestimación anterior, sobre la cual se hizo una determinación sobre su improcedencia. Sostuvo que dicha determinación era una final y constituía la ley del caso. Sostuvo que la *Demanda Enmendada* fue evaluada a tenor con la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V., R.10.2(5), y tanto el foro primario como este Tribunal de Apelaciones, determinaron la suficiencia de alegaciones plausibles y factibles para establecer una reclamación en contra del Municipio y Óptima. Por todo lo anterior, razonó que procedía declarar no ha lugar la desestimación pretendida y ordenar la continuación de los procedimientos.

Por su parte, el señor Villagrasa presentó su *Oposición a Segunda Moción de Desestimación Presentada por el Municipio de San Juan y Óptima Seguros.*[12] En esta, indicó que, las alegaciones del Municipio respecto a la falta de jurisdicción, control y mantenimiento del área donde ocurre el accidente carecían de credibilidad. De igual forma, argumentó que este Tribunal Apelativo resolvió que la señora Estrada Delgado tenía una causa de acción factible que, de probarse en un juicio en su fondo, ameritaría la concesión de un remedio. Finalmente, resaltó que las alegaciones de la *Demanda Enmendada* apuntaban a que el accidente ocurrió en la acera municipal, jurisdicción del Municipio.

Examinados los planteamientos de las partes, el 4 de agosto de 2025, el TPI emitió una *Resolución Interlocutoria* declarando No Ha Lugar a la solicitud de desestimación presentada por el Municipio y Óptima.[13] Inconforme, el 19 de agosto de 2025, el Municipio y Óptima presentaron su *Moción en Solicitud de Reconsideración* en la cual reiteraron los argumentos de la moción de desestimación.[14] Al día siguiente, el TPI

---

[12] *Íd.*, Entrada 186 de SUMAC.
[13] *Íd.*, Entrada 188 de SUMAC. Notificada el 5 de mayo de 2025.
[14] *Íd.*, Entrada 193 de SUMAC.

emitió una *Orden*. Allí, declaró No Ha Lugar la *Moción en Solicitud de Reconsideración.*[15]

Inconforme aun, la parte peticionaria acudió ante este foro apelativo intermedio y nos planteó la comisión del siguiente error:

UNO: ERRÓ EL HONORABLE TPI AL NO DESESTIMAR LA DEMANDA Y DEMANDA ENMENDADA EN CONTRA DE LOS CODEMANDADOS- PETICIONARIOS AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL AUN CUANDO LAS ALEGACIONES CONTENIDAS EN ELLAS DEJAN DE EXPONER UNA RECLAMACION QUE JUSTIFIQUE LA CONCESION DE UN REMEDIO EN CUANTO A ELLOS SE REFIERE.

En esencia, la parte peticionaria argumentó que, la pieza metálica se encontraba dentro de la Plaza La Libertad y la Terraza del Condado. Por tanto, reiteró que el lugar en donde ocurrió el accidente no estaba bajo su jurisdicción, toda vez que le pertenecía al Programa de Parques Nacionales adscrito al DRNA. Finalmente, planteó que las alegaciones de la *Demanda* y la *Demanda Enmendada* dejaban de exponer una reclamación que justificara la concesión de un remedio, por lo que procedía la desestimación con perjuicio en su contra. Ello, pues no se le podía imputar responsabilidad.

Examinado el recurso, el 27 de septiembre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días para expresarse sobre los méritos del recurso. En cumplimiento con lo anterior, el 2 de octubre de 2025, la señora Estrada Delgado presentó su *Alegato en Oposición a Petición de Certiorari*. En síntesis, esbozó que, el señor Villagrasa y la Terraza del Condado eran responsables por sus omisiones. No obstante, señaló que, ello no eximía de responsabilidad al Municipio y a Óptima. Adicionalmente, apuntó que la desestimación de la *Demanda* y la *Demanda Enmendada* eran improcedentes, puesto que ya este tribunal apelativo resolvió que la recurrida estableció una reclamación factible en contra de la parte peticionaria, la cual de

---

[15] *Íd.,* Entrada 194 de SUMAC. Notificada el 21 de agosto de 2025.

probarse en el juicio ameritaría la concesión de un remedio. Añadió que dicha determinación era final y firme.

En la misma fecha, el señor Villagrasa y la Terraza del Condado presentaron su *Oposición a Recurso de Certiorari.* En su comparecencia, reafirmaron que los fundamentos del Municipio y Óptima era idénticos a los presentados en el caso KLCE202401161. Por tanto, razonaron que este tribunal apelativo tenía que mantener su determinación respecto a que la recurrida alegó de manera específica y con hechos suficientes su reclamación civil en contra de la parte peticionaria.

Contando con la comparecencia de ambas partes, procedemos a resolver la controversia ante nuestra consideración.

II.

### A. Certiorari

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra; Scotiabank de Puerto Rico v. ZAF Corporation, et als.,* 202 DPR 478 (2019). Así, solo procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia,

interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir. Su propósito es evitar la dilación que implicaría la revisión inmediata de controversias que pueden atenderse en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 40, establece los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*. A saber, este Tribunal debe evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, esta Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*, pág. 405.

### B. *Doctrina de la Ley del Caso*

Los derechos y las obligaciones que fueron objeto de una adjudicación judicial mediante un dictamen que advino final y firme,

constituyen la ley del caso. *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 200 (2020); *Mgmt. Adm. Servs. Corp. v. ELA,* 152 DPR 599, 606 (2000); *USI Properties Inc. v. Registrador,* 124 DPR 448, (1989). Pues, "[e]sos derechos y responsabilidades gozan de las características de finalidad y firmeza con arreglo a la doctrina de la 'ley del caso'". *Mgmt. Adm. Servs. Corp. v. ELA, supra.* Por ello, esta doctrina solamente se puede invocar cuando existe una decisión final de la controversia en sus méritos. *Cacho Pérez v. Hatton Garay y otros,* 195 DPR 1 (2016). El propósito de la doctrina de la ley del caso es promover la estabilidad y la certeza del derecho. *Berkan et al. v. Mead Johnson Nutrition, supra.* De esta forma, las partes de un caso puede conducir su proceder por virtud de unas directrices judiciales confiables y certeras. *Íd.* Además, esta doctrina es aplicable a las controversias adjudicadas en un caso, sea por el tribunal de instancia como por un tribunal apelativo. *Íd.,* pág. 201; *Cacho Pérez v. Hatton Garay y otros, supra,* pág. 9. Ahora bien, la doctrina de la ley del caso está al servicio de la justicia, por lo que no es férrea ni de aplicación absoluta. *Mgmt. Adm. Servs. Corp. v. ELA, supra,* pág. 608; *Noriega Rodríguez v. Hernández Colón,* 130 DPR 919, 931 (1992). En tal virtud, solamente en situaciones excepcionales, si el tribunal entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede descartar la aplicación de la doctrina de la ley del caso y resolver de forma justa mediante una norma de derecho distinta. *Berkan et al. v. Mead Johnson Nutrition, supra.*

III.

En el presente caso, el Municipio de San Juan y Óptima, plantearon que el TPI erró al no desestimar la *Demanda* y la *Demanda Enmendada* en su contra al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R.10.2 cuando, según sostiene, las alegaciones contenidas en ellas dejan de exponer una reclamación que justifique la concesión de un remedio.

Tras evaluar sosegadamente las circunstancias de este caso, determinamos no ejercer nuestra facultad discrecional de expedir el auto de *certiorari* para revisar el error señalado por los peticionarios en sus méritos. No apreciamos que la disposición de la decisión recurrida sea contraria a derecho. Ello, debido a que la parte peticionaria no estableció circunstancia alguna que nos permita entrever que el foro primario abusó de su amplia discreción o que provocó un error manifiesto o perjuicio en su contra. Véase *Colón Rivera v. Wyeth Pharm., supra; SLG Font Bardón v. Mini-Warehouse.*

Nótese que, los asuntos atinentes a establecer quién tenía jurisdicción sobre el área del accidente, a efectos de la etapa procesal de la moción de desestimación, fueron objeto de unas determinaciones judiciales que advinieron finales, firmes e inapelables y constituyen la ley del caso. Específicamente, el 24 de octubre de 2024, la parte peticionaria presentó una *Petición de Certiorari* ante este foro, al cual se le asignó el alfanumérico KLCE202401161. En este solicitó, se revocase la *Resolución* emitida por el TPI el 21 de agosto de 2024, en la cual el foro primario declaró No Ha Lugar la *Moción en Solicitud de Desestimación bajo la Regla 10.2(5) de Procedimiento Civil,* instada por los peticionarios, bajo el fundamento de que la moción dispositiva fue presentada fuera de término. Allí, formuló el siguiente señalamiento de error:

> Uno: Erró el Honorable Tribunal de Primera Instancia al no desestimar la demanda y demanda enmendada en contra de los codemandados-peticionarios al amparo de la Regla 10.2 de Procedimiento Civil aun cuando las alegaciones contenidas en ellas dejan de exponer una reclamación que justifique la concesión de un remedio en cuanto a ellos se refiere y al concluir que había sido presentada tardíamente.

Tras realizar la correspondiente evaluación de las alegaciones, el 28 de agosto de 2025, este Tribunal de Apelaciones emitió una *Resolución en Reconsideración,* en el que denegó la expedición del recurso. A su vez, señaló lo siguiente:

> Luego de reexaminar el expediente ante nos, justipreciamos que, en efecto, la Recurrida alegó de manera específica y con hechos suficientes su reclamación civil en contra de los

Peticionarios. La señora Estrada estableció tener una causa de acción factible que, de probarse por preponderancia de la prueba en un juicio en su fondo, ameritaría la concesión de un remedio. En particular, la señora Estrada expuso alegaciones bien formuladas en la *Demanda Enmendada*, que apuntan a que el siniestro aconteció en la acera, cuya jurisdicción recae en el Municipio. Según se adujo, el "stand" estaba ubicado parte en la acera frente al estacionamiento ubicado en la Plaza de la Libertad.

Ciertamente, al interpretar conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante y tomar como ciertos todos los hechos bien alegados en la reclamación civil, conforme lo mandata el ordenamiento procesal y su jurisprudencia interpretativa, colegimos que el TPI no incidió al descartar la moción desestimatoria. Por consiguiente, luego de proveerse un descubrimiento de prueba amplio y liberal, la Recurrida podrá tener la oportunidad de demostrar la negligencia alegada de los Peticionarios y las otras partes codemandadas.

Nótese que, en el recurso ante nuestra consideración, la parte peticionaria impugna la denegatoria de una moción desestimación, bajo el mismo fundamento que la anterior. De igual forma, presenta el mismo señalamiento de error. No obstante, dicha controversia fue atendida mediante *Resolución en Reconsideración* emitida el 28 de agosto de 2025. En vista de lo anterior, no apreciamos circunstancia que nos haga considerar error o una grave injusticia en las determinaciones previas para aplicar una normativa jurídica distinta y descartar la doctrina de la ley del caso. Véase *Berkan et al. v. Mead Johnson Nutrition, supra*.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones